**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Carolyn Kaiser, | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No.: _____ |
| | : |
| v. | : |
| | : |
| Stellar Recovery, Inc., | : |
| | : |
| Defendant. | : |
| | : |
| | : |

**COMPLAINT**

Plaintiff, Carolyn Kaiser, says by way of Complaint against Defendant, Stellar Recovery, Inc., as follows:

**JURISDICTION**

1.      This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

2.      Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey and a substantial portion of the acts giving rise to this action occurred in this State.

**PARTIES**

3.      Plaintiff, Carolyn Kaiser (hereafter "Ms. Kaiser"), is an adult individual residing in Moorestown, New Jersey, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.     Defendant, Stellar Recovery, Inc. (hereafter "Defendant"), is a Montana corporation with an address of 1845 Highway 93 South, Suite 310, Kalispell, Montana, 59901, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.     The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6.     Ms. Kaiser incurred a financial obligation that was primarily for family, personal or household purposes, which was a "debt" as defined by 15 U.S.C. § 1692a(5).

7.     Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Ms. Kaiser.

8.     Defendant then began numerous attempts to collect the debt from Ms. Kaiser, each of which was a "communication" as defined by 15 U.S.C. § 1692a(2).

9.     Defendant called Ms. Kaiser multiple times every day.

10.     Defendant called Ms. Kaiser's husband and mother and disclosed that Ms. Kaiser was in debt.

11.     Ms. Kaiser requested Defendant to cease all communication with her and her family, the request of which Defendant blatantly ignored.

12.     Defendant called Ms. Kaiser, but refused to identify itself, where Defendant's representative merely informed Ms. Kaiser that he was "Buck."

13.     Defendant threatened to initiate legal action against Ms. Kaiser.

14.     Defendant threatened to injure Ms. Kaiser's and her husband's credit rating.

2

15.     Defendant threatened to seize Ms. Kaiser's assets.

16.     Ms. Kaiser has suffered actual damages including, but not limited to, humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, and unjustified and abusive invasions of personal privacy as a result of Defendant's illegal collection communications enumerated above.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

17.     Ms. Kaiser incorporates by reference all of the allegations set forth above as if fully set forth herein.

18.     Defendant contacted third parties, but failed to identify itself and further failed to inform the third parties that it was confirming or correcting location information, in violation of 15 U.S.C. § 1692b(1).

19.     Defendant informed third parties that Ms. Kaiser was in debt and of the nature of the debt, in violation of 15 U.S.C. § 1692b(2).

20.     Defendant contacted third parties in regards to Ms. Kaiser's debt on numerous occasions, not one of which was pursuant to any request, in violation of 15 U.S.C. § 1692b(3).

21.     Defendant communicated with individuals other than Ms. Kaiser, Ms. Kaiser's attorney, and a credit bureau, in violation of 15 U.S.C. § 1692c(b).

22.     Defendant caused Ms. Kaiser's phone to ring repeatedly and engaged Ms. Kaiser in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

23.     Defendant placed calls to Ms. Kaiser and refused to identify itself, in violation of 15 U.S.C. § 1692d(6).

24.     Defendant threatened Ms. Kaiser that it would seize her property if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

25.     Defendant threatened to initiate legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

26.     Defendant threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

27.     Defendant employed false and deceptive means to collect the debt, in violation of 15 U.S.C. § 1692e(10).

28.     Defendant used a name other than its true name when it contacted Ms. Kaiser, in violation of 15 U.S.C. § 1692e(14).

29.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     Ms. Kaiser is entitled to damages as a result of Defendant's violations.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

31.     Ms. Kaiser incorporates by reference all of the allegations set forth above as if fully set forth herein.

4

32.     The *Restatement of Torts, Second,* § 652(b) ascribes liability for intrusion upon seclusion where one individual, "intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns," and further states that "[said individual] is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

33.     New Jersey further recognizes Ms. Kaiser's right to be free from invasions of privacy. Thus Defendant violated New Jersey state law.

34.     Defendant intentionally intruded upon Ms. Kaiser's right to privacy by continually harassing Ms. Kaiser with phone calls to her home.

35.     Defendant's telephone calls to Ms. Kaiser were so persistent and repeated with such frequency as to be considered, "hounding [Ms. Kaiser]," and, "a substantial burden to [her] existence," amounting to an invasion of privacy as defined by the *Restatement of Torts, Second,* § 652(b).

36.     Defendant's conduct of engaging in the foregoing illegal collection activities resulted in multiple invasions of privacy that would be considered highly offensive to a reasonable person.

37.     As a result of the intrusions and invasions enumerated above, Ms. Kaiser is entitled to actual damages from Defendant in an amount to be determined at trial.

38.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Ms. Kaiser is entitled to punitive damages from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. Kaiser prays that judgment be entered against Defendant awarding her:

1. Actual damages including, but not limited to, the emotional distress she has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Liquidated damages;

5. Punitive damages; and

6. Such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 28, 2009

Respectfully submitted,

By /s/ Garrett Elias

Garrett Elias, Esq.
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666